# IN THE COURT OF APPEALS 12/03/96

# OF THE

# STATE OF MISSISSIPPI

## NO. 95-KA-01217 COA

**ALVIN SHIELDS**

**APPELLANT**

**v.**

**STATE OF MISSISSIPPI**

**APPELLEE**

**PER CURIAM AFFIRMANCE MEMORANDUM OPINION**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. SHIRLEY C. BYERS

COURT FROM WHICH APPEALED: SUNFLOWER COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT:

CLEVE MCDOWELL

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: PAT FLYNN

DISTRICT ATTORNEY: FRANK CARLTON

NATURE OF THE CASE: CRIMINAL: ATTEMPTED BURGLARY AND ESCAPE

TRIAL COURT DISPOSITION: CT I ATTEMPTED BURGLARY: CT II ESCAPE AS AN HABITUAL: CT I SENTENCED TO 7 YRS, TO RUN CONSECUTIVE TO CAUSE NO. 92-10523 & 5 YRS TO CT II, TO RUN CONSECUTIVE TO CT I, IN THE CUSTODY OF THE

MDOC, WITHOUT PAROLE

BEFORE BRIDGES, P.J., COLEMAN, AND PAYNE, JJ.

PER CURIAM:

Alvin Shields was convicted of attempted burglary and escape. He was sentenced as a habitual offender to serve seven (7) years for the attempted burglary conviction and five (5) years for the escape conviction in the custody of the Mississippi Department of Corrections, with both sentences to be served without benefit of probation or parole and both to be served consecutively with any other sentences imposed on the Appellant for other crimes. Shields claims in his statement of the issues on appeal that his convictions were against the overwhelming weight of the evidence. It appears from consideration of his arguments in his brief that he might also be suggesting that the evidence was insufficient to support his convictions. Shields argues that the attempted burglary conviction was based on very weak circumstantial evidence, and that the only evidence against the Appellant was testimony that he broke a window in the church. Shields argues further that the evidence presented on the escape charge merely proved that he left the police station temporarily.

Our standard of review for considering a challenge to the sufficiency of the evidence is well established. On review, this Court must consider the evidence in the light most favorable to the State, accepting all the evidence introduced by the State as true, together with all reasonable inferences therefrom. If there is sufficient evidence to support a guilty verdict, the motion for a directed verdict must be overruled. *Robinson v. State*, 662 So. 2d 1100, 1105 (Miss. 1995). In the present case, we find that the evidence is not such that reasonable jurors could only find Shields not guilty. We find that the evidence was sufficient to sustain a guilty verdict on both charges.

Our standard of review for considering a challenge to the weight of the evidence is also well established. The jury is charged with the responsibility of weighing and considering the conflicting evidence, evaluating the witnesses' credibility, and determining whose testimony should be believed. *McClain v. State,* 625 So. 2d 774, 781 (Miss. 1993). "It is not for this Court to pass upon the credibility of witnesses and where the evidence justifies the verdict, it must be accepted as having been found worthy of belief." *Williams v. State*, 427 So. 2d 100, 104 (Miss. 1983). We will not order a new trial "unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." *Robinson*, 662 So. 2d at 1105. In the present case, the jury weighed the evidence, believed the State's witnesses, and convicted Shields of attempted burglary and escape. Accordingly, we find that the verdict was not against the overwhelming weight of the evidence.

**THE JUDGMENT OF THE SUNFLOWER COUNTY CIRCUIT COURT OF CONVICTION ON COUNT I OF ATTEMPTED BURGLARY AND SENTENCE OF SEVEN (7) YEARS TO RUN CONSECUTIVELY TO CAUSE NO. 92-10523; COUNT II OF ESCAPE AS A**

HABITUAL OFFENDER AND SENTENCE OF FIVE (5) YEARS TO RUN CONSECUTIVELY TO SENTENCE IN COUNT I, ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO SUNFLOWER COUNTY.

FRAISER, C.J., BRIDGES AND THOMAS, P.JJ., BARBER, COLEMAN, DIAZ, KING, McMILLIN, AND PAYNE, JJ., CONCUR. SOUTHWICK, J., NOT PARTICIPATING.